UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Plaintiff,**

                                          Civil Action 2:18-cv-505
                                          Judge James L. Graham
    v.                                Magistrate Judge Chelsey M. Vascura

**CHARLOTTE JENKINS,** *et al.***,**

    **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Howard Boddie, Jr., a former inmate at Chillicothe Correctional Institution ("CCI") who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against a number of prison officials,[1] alleging that while he was incarcerated, he was denied medical care in violation of the Eighth and Fourteenth Amendments to the Constitution. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow,

---

[1]Specifically, Plaintiff names the following individuals as Defendants: Charlotte Jenkins, CCI Warden; Alice Ault, CCI Health Care Administrator; Norm Robinson, CCI Warden; Beth Higgenbotham, CCI Health Care Administrator; and Dr. Andrew Eddy, CCI Medical Director.

it is **RECOMMENDED** that the Court **DISMISS** this action under § 1915(e).

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at \*2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at \*2 (6th Cir. June 22, 1999) (table)).

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010)

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff filed this action on May 22, 2018. According to Plaintiff's Complaint, he was incarcerated at CCI from July 30, 2010, until May 26, 2016. Plaintiff alleges that while incarcerated, he received inadequate medical care for a number of issues, including an orbital fracture to his right eye, a shoulder injury, a groin injury, a wrist injury, an ACL injury, and heel spurs. He states that he was diagnosed with some of these injuries after he was released from prison. Plaintiff also alleges that Defendants failed to treat him with appropriate pain medication. Plaintiff further alleges that while incarcerated, he utilized the prison's grievance procedure to complain about Defendant Ault's inadequate medical treatment. He adds that he spoke with former CCI warden Defendant Robinson in 2011, but that his complaints were ignored. Plaintiff details other incidents from 2011 that he maintains reflect that Defendants knew of his complaints, including treatment records from physicians at Ohio State University, numerous grievances he filed, numerous calls from family members, and a letter he drafted to Defendant Dr. Eddy outlining the incidents of Defendants' medical indifference. Plaintiff acknowledges that a two-year statute of limitations applies to his claims, but states that his "untreated serious medical conditions were tolled as provided in Section (B) 2305.09, 2305.10, 2305.11, 2305.113, or 2305.14 of the Ohio Revised Code." (Pl.'s Compl. 3, ECF No. 1-1.)

Plaintiff filed a nearly identical action in December 2014. *See Boddie v. Higginbotham*,

2:14-cv-2395 (the "2395 Case"). As in this case, in the 2395 Case, Plaintiff brought medical indifference claims under § 1983 against many of the same Defendants named in this action, including Defendants Ault, Higginbotham, Eddy, and Robinson, alleging that these individuals and others were failing to adequately treat his injuries and pain. In a September 2015 Report and Recommendation, which the Court adopted (ECF No. 36), Magistrate Judge King recommended that Defendants' Motion to Dismiss be granted against some Defendants for failure to plead facts sufficient to state a colorable claim, reasoning as follows:

> The Amended Complaint contains no factual allegations whatsoever against defendants Abid Rana and Corby Free, let alone facts sufficient to state a colorable claim against them. Plaintiff alleges that defendant Beth Higginbotham "refuses to perform her duties," but this conclusory allegation does not explain what those duties are, how this defendant failed to perform those duties, or why such failure to perform them violates plaintiff's rights under the Eighth Amendment. The Amended Complaint alleges that defendant Norman Robinson "directed [plaintiff] to contact the medical director" and that defendant Dr. Akhtar told plaintiff that some unknown person or entity "would not issue Plaintiff any pain medication, but would issue him (psych meds) which is being prescribed for (pain purposes) by the medical department;" however, the Amended Complaint is devoid of any facts sufficient to state a colorable claim against these defendants. Although plaintiff appears to assert new factual allegations against the moving defendants in opposing the Motion to Dismiss, *see, e.g.*, Memo. Contra, pp. 6-7, 9-10, the Amended Complaint does not include these allegations.

(The 2395 Case, Sept. 17, 2015 Report & Rec. 6, ECF No. 26.) Magistrate Judge King further concluded that many of the claims Plaintiff asserted were time-barred because they accrued more than two years prior to when Plaintiff filed his complaint:

> Moreover, many of these new allegations and the allegations in the Amended Complaint refer to events that are untimely. Claims that arise in Ohio under 42 U.S.C. § 1983 must be initiated within two (2) years of the time the cause of action accrues. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). In general, a civil rights claim for relief accrues when the plaintiff knows of or has reason to know of the injury that is the basis of the action. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A

5

> plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).
>
> Plaintiff signed the original Complaint on December 1, 2014; that is therefore the earliest date on which this case may be regarded as having been filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (providing that a prisoner filing is regarded as filed as of the time it is deposited in the prison mailbox). Events that are alleged to have arisen before December 1, 2012 would therefore ordinarily be untimely. Most of plaintiff's specific allegations relate to events that are alleged to have occurred in 2010 and 2011.

(*Id*. at 6-7.) Finally, construing Plaintiff's complaint liberally, Magistrate Judge King concluded that Plaintiff was asserting that his claims arise out a continuing course of misconduct, potentially implicating the continuing violations doctrine. Magistrate Judge King concluded, however, that this doctrine did not operate to save Plaintiff's otherwise time-barred claims, reasoning as follows:

> It is true that plaintiff also alleges that "all my medical needs" have been ignored since approximately August 24, 2011, when he "spoke to the Warden about [defendant Ault] in her presence." *Amended Complaint*, p. 7. Construing this allegation liberally, *see Haines*, 404 U.S. at 520, the Court understands plaintiff to argue that his claims arise out of a continuing course of misconduct.
>
> The continuing violation doctrine is a narrow exception to the ordinary rule that a statute of limitations begins to run at the time the alleged misconduct occurred. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982); *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). However, the doctrine is "rarely" applied to § 1983 actions. *Sharpe*, 319 F.3d at 267. The United States Court of Appeals for the Sixth Circuit has [indicated] that merely alleging serial violations will not serve to save otherwise untimely claims. [The *Sharpe* Court] referred to two possible categories of continuing violations: those alleging serial violations and those identified with one longstanding and demonstrable policy of discrimination. *Id*. at 266 (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Where the claims are based on a longstanding and demonstrable policy of misconduct, a plaintiff must allege (and ultimately establish) something more than the mere existence of mistreatment. *Id.* at 268.
>
> Some of the claims asserted in this action arise out of events that are alleged to have occurred more than two years prior to the execution of the

6

> *Complaint* on December 1, 2014. *See*, *e.g.*, *Amended Complaint*, pp. 6-7 (identifying, *inter alia*, incidents occurring on or around July 29, 2010, September 9, 2011, and August 24, 2011). The facts underlying this series of alleged events occurred more than two years prior to December 1, 2014, and plaintiff's claims arising out of those alleged events were known or should have been known to him at the time they occurred. Because plaintiff waited more than two years after those events to initiate this action, his claims based on those events are untimely. *See Sharpe*, 319 F.3d at 266.

(*Id*. at 7-9.)

## III.

The Undersigned concludes that the doctrine of *res judicata* or claim preclusion operates to bar some of Plaintiff's claims against Defendants. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co*., 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, Plaintiff appears to reassert the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 2395 case. More specifically, in this case, as in the 2395 Case, Plaintiff alleges that CCI prison employees ignored his complaints of pain and failed to adequately provide medical treatment and cites incidents occurring in 2011.

7

To the extent Plaintiff is attempting to bring those claims that were dismissed in the 2395 Case, it is **RECOMMEDED** that the Court dismiss those claims as barred by the doctrine of *res judicata.*

To the extent Plaintiff seeks to assert different claims against different defendants or claims arising after he filed the 2395 Case, it is **RECOMMENDED** that the Court dismiss those claims as time-barred. Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for 42 U.S.C. § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations begins to run on 42 U.S.C. § 1983 claims when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

Plaintiff filed the instant action on May 22, 2018. Thus, claims premised upon events occurring prior to May 22, 2016, would generally be time-barred. According to his Complaint, Plaintiff was released on May 26, 2016, just four days after the expiration of the statute of limitations. His Complaint sets forth no allegations identifying incidents that occurred during this four-day window. To the contrary, the incidents upon which Plaintiff seeks to rely to assert his medical indifference claims appear to have taken place in 2011. Moreover, Plaintiff's own allegations that he utilized the prison's grievance procedure, spoke with the warden, and wrote a letter to Dr. Eddy demonstrate that he knew of the injuries that form the basis this action well in advance of May 22, 2016.

That after his release Plaintiff was diagnosed with conditions different than or in addition to the diagnoses he received from doctors while he was in prison does not salvage his untimely medical indifference claims because a difference of opinion over the appropriate treatment or

8

diagnosis is insufficient to state a claim of deliberate indifference under the Eighth Amendment. *See, e.g.*, *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 357 (6th Cir. 2006); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Moreover, for the reasons Magistrate Judge King articulated in her September 2015 Report and Recommendation in the 14-2395 Case (ECF No. 26), incorporated herein by reference, the continuing violations doctrine likewise fails to save Plaintiff's otherwise untimely claims. As Magistrate Judge King explained, Plaintiff's allegation that he did not obtain adequate medical care until he left prison is insufficient to invoke the continuing violation doctrine's narrow exception to the general rule that a statute of limitations begins to run at the time the alleged misconduct occurred. (*See* The 2395 Case, Sept. 17, 2015 Report & Rec. 7-9, ECF No. 26 (citing *Sharpe*, 319 F.3d at 266-67).)

Finally, none of the Ohio statutes Plaintiff cites in support of his assertion that his claims are not time barred apply to this case. *See* Ohio Rev. Code § 2305.09(B) (relating to the recovery of personal property); Ohio Rev. Code § 2305.10(B) (relating to exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices); Ohio Rev. Code § 2305.11(B) (relating to a civil action for unlawful abortion); Ohio Rev. Code § 2305.113(B) (extending the one-year limitations period set forth in prior subsection by 180 days when certain notice requirements are satisfied); and Ohio Rev. Code § 2305.14(B) (providing a 10-year statute of limitations for actions not provided for in §§ 2305.04 through 2305.131 and § 1304.35).

## III.

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *In Forma*

*Pauperis* (ECF No. 1) is **GRANTED**, and it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e).  In addition, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                                            /s/ *Chelsey M. Vascura*
                                                          CHELSEY M. VASCURA
                                                          UNITED STATES MAGISTRATE JUDGE