IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Howard Boddie, Jr.,

    Plaintiff,

    v.                           Case No. 2:18-cv-505

Charlotte Jenkins,
et al.,

    Defendants.

ORDER

On May 22, 2018, Howard Boddie, Jr., a former Ohio state prisoner, filed this civil rights action pursuant to 42 U.S.C. §1983 against Charlotte Jenkins, former warden at the Chillicothe Correctional Institution ("CCI"); Norm Robinson, also a warden at CCI; Alice Ault and Beth Higgenbotham, CCI health care administrators; and Medical Director Dr. Andrew Eddy. Plaintiff alleges that while he was incarcerated at CCI, he was denied proper medical treatment for: symptoms stemming from an orbital fracture of his right eye; a left shoulder injury (for which he received surgery in December of 2016 after his release from incarceration on May 26, 2016); a right groin injury resulting in a gluteus minimus tear (he refers to his treatment at the OSU Wexner Medical Center in 2011 for chest pain, which including the placement of a catheter in the right groin area); left wrist pain (stemming from a prior injury and surgery); symptoms attributed to a prior knee surgery in May, 2009; and right foot heel spurs.

On June 4, 2018, the magistrate judge issued a report and recommendation following an initial screen of the complaint pursuant to 28 U.S.C. §1915(e)(2). The magistrate judge noted that

plaintiff had previously filed substantially similar claims against the above defendants and others in the case of Boddie v. Higginbotham, 2:14-cv-2395. In that case, the complaint and prison grievances filed by plaintiff reveal that plaintiff complained about defendant's treatment of the same medical conditions he refers to in the instant case. The judge assigned to that case accepted the recommendation of the magistrate judge that the case be dismissed as barred by the two-year statute of limitations applicable to §1983 actions in Ohio. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989)(en banc). In a decision filed on February 3, 2017, the Sixth Circuit Court of Appeals affirmed the dismissal. Boddie v. Higginbotham, Court of Appeals Case No. 16-3502. See Case No. 2:14-cv-2395, Doc. 47.

In her report and recommendation, the magistrate judge concluded that, insofar as plaintiff's claims mirror those asserted against the defendants in the prior case, they are barred by the doctrine of res judicata. The magistrate judge also recommended that the instant action be dismissed because plaintiff's claims are barred by the two-year limitations period. The magistrate judge noted that because the complaint in this case was filed on May 22, 2018, any claims which arose prior to May 22, 2016, are barred. Defendants had no further involvement in plaintiff's medical care following his release from custody on May 26, 2016. The magistrate judge observed that the complaint fails to allege the denial of any medical treatment during the four-day period from May 22, 2016, to plaintiff's release from incarceration.

This matter is before the court on plaintiff's objection (Doc. 6) to the magistrate judge's report and recommendation. If a party

2

objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). Although plaintiff's objection was filed one day late, the court will consider the objection.

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements

3

necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

In addition, a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Rauch v. Day and Night Manuf. Corp., 576 F.2d 697, 702 (6th Cir. 1978)(holding that a limitations defense may be raised by a Rule 12 motion); see also Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)(dismissal on limitations ground).

In his objection, plaintiff argues that the magistrate judge erred in applying the res judicata and limitations bars. The court agrees with the analysis of the magistrate judge. The claims asserted in this case involve the defendants' alleged failure to provide plaintiff with medical treatment for the same conditions he described in his 2014 case.

The magistrate judge also correctly noted that plaintiff's allegations concerning the medical treatment he received after his release from incarceration for the same pre-existing injuries that were the subject of the 2014 case do not salvage his untimely medical indifference claims because a difference of opinion over an

appropriate treatment or diagnosis of a medical condition is insufficient to state a claim of deliberate indifference under the Eighth Amendment. The complaints and records in this case and the 2014 case show that this is not a case where no medical treatment was provided. Rather, plaintiff disagreed with the type of treatment being provided. A complaint does not state an Eighth Amendment claim merely by pleading that the plaintiff disagrees with the diagnosis of prison medical personnel or the treatment provided by the institution. Estelle v. Gamble, 429 U.S. 97, 107-08 (1976) Rhinehart v. Scutt, 509 F.App'x 510, 513 (6th Cir. 2013)(neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient to allege a deliberate indifference claim); Chapman v. Parke, 946 F.2d 894 (table), 1991 WL 203080 at *2 (6th Cir. Oct. 4, 1991)(difference of opinion regarding treatment is insufficient to state an Eighth Amendment claim).

With his objection, plaintiff submitted new exhibits consisting of medical records relating to his treatment following his release from incarceration and the grievances he filed in March and April of 2016. Plaintiff may not offer, for the first time in an objection, evidence which was never presented to or considered by the magistrate judge. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

Even if the court were to consider these documents, the grievances and the institution's responses to those grievances show that the medical staff at CCI were not indifferent to plaintiff's complaints; rather, plaintiff disagreed with the nature of the treatment he received. The grievances also establish that

5

plaintiff had knowledge of his claims prior to the start of the limitations period. Likewise, the recent medical records document plaintiff's post-release treatment for his pre-2014 orbital and wrist fractures and right heel spurs, and his 2011 treatment for chest pains. These records show, at most, a difference of opinion over the appropriate treatment or diagnosis of plaintiff's conditions, and are insufficient to support a claim under the Eighth Amendment.

The magistrate judge also did not err in rejecting plaintiff's argument that his claims are saved by the continuing violations doctrine. The continuing violation doctrine allows for tolling based on continuing unlawful acts. The Sixth Circuit has recognized two categories of continuing violations: 1) those alleging serial violations; and 2) those identified with a longstanding and demonstrable policy of discrimination. Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003). The continuing violation doctrine is rarely applied in §1983 cases. Id. at 267. The Sixth Circuit held in plaintiff's previous case that his claim was not tolled by the continuing violation doctrine. The Sixth Circuit noted that plaintiff's claim reflected, at most, a dispute over the proper course of his medical treatment rather than a continuing set of wrongs which would give rise to a continuing violation for statute of limitations purposes. See Boddie v. Higginbotham, 2:14-cv-2395, Doc. 47, pp. 6-7. This court concludes that the same reasoning applies to plaintiff's claims in the instant case.

Finally, the magistrate judge correctly found that none of the Ohio statutes relied on by plaintiff support his assertion that his

claims are not barred by the statute of limitations. Those statutes, specifically Ohio Rev. Code §§2305.09(B), 2305.10(B), 2305.11(B), 2305.113(B), and 2305.13(B), do not operate to toll the running of the limitations period in this case.

Having reviewed the report and recommendation and plaintiff's objection, the court finds that plaintiff's objection is without merit. The court overrules plaintiff's objection (Doc. 6), and adopts the magistrate judge's report and recommendation (Doc. 4). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case. The clerk is directed to mail a copy of this order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, Ohio 43215.

It is so ordered.

Date: June 25, 2018                 s/James L. Graham
                              James L. Graham
                              United States District Judge