# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Plaintiff,**

    **v.**                                    **Civil Action 2:18-cv-505**
                                          **Judge James L. Graham**

**CHARLOTTE JENKINS,** *et al.,*       **Magistrate Judge Chelsey M. Vascura**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Notice of Appeal (ECF No. 9) and his request to appeal *in forma pauperis*. (ECF No. 10.) The Court permitted Plaintiff to proceed *in forma pauperis* in the instant action. (*See* ECF No. 4.) By this Motion, Plaintiff seeks to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(3)(A) provides in relevant part that:

> A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization unless:
>
> (A)    the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3)(A).

Although Plaintiff qualifies for *in forma pauperis* status from a financial standpoint, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this action would not be taken in good faith. The Court makes such certification because Plaintiff's Complaint fails to

state a claim upon which relief could be granted. Specifically, Plaintiff's claims are barred by the doctrine of *res judicata* and the statute of limitations.

On June 4, 2018, Magistrate Judge Vascura issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims. (ECF No. 4.) In her Report and Recommendation, the Magistrate Judge concluded that many of Plaintiff's claims were barred by the doctrine of *res judicata*, explaining as follows:

> Plaintiff filed a nearly identical action in December 2014. *See Boddie v. Higginbotham*, 2:14-cv-2395 (the "2395 Case"). As in this case, in the 2395 Case, Plaintiff brought medical indifference claims under § 1983 against many of the same Defendants named in this action, including Defendants Ault, Higginbotham, Eddy, and Robinson, alleging that these individuals and others were failing to adequately treat his injuries and pain.
>
> \*   \*   \*
>
> The Undersigned concludes that the doctrine of *res judicata* or claim preclusion operates to bar some of Plaintiff's claims against Defendants. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).
>
> In the instant action, Plaintiff appears to reassert the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 2395 case. More specifically, in this case, as in the 2395 Case, Plaintiff alleges that CCI prison employees ignored his complaints of pain and failed to adequately provide medical treatment and cites incidents occurring in 2011. To the extent Plaintiff is attempting to bring those claims that were dismissed in the 2395 Case, it is **RECOMMEDED** that the Court dismiss those claims as barred by the doctrine of *res judicata.*

(*Id.* at 4-5, 7-8.)

With respect to Plaintiff's claims that were not barred by the doctrine of *res judicata*, the Magistrate Judge found that the statute of limitations governing 42 U.S.C. § 1983 actions had lapsed, explaining as follows:

> . . . Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for 42 U.S.C. § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations begins to run on 42 U.S.C. § 1983 claims when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).
>
> Plaintiff filed the instant action on May 22, 2018. Thus, claims premised upon events occurring prior to May 22, 2016, would generally be time-barred. According to his Complaint, Plaintiff was released on May 26, 2016, just four days after the expiration of the statute of limitations. His Complaint sets forth no allegations identifying incidents that occurred during this four-day window. To the contrary, the incidents upon which Plaintiff seeks to rely to assert his medical indifference claims appear to have taken place in 2011. Moreover, Plaintiff's own allegations that he utilized the prison's grievance procedure, spoke with the warden, and wrote a letter to Dr. Eddy demonstrate that he knew of the injuries that form the basis this action well in advance of May 22, 2016.
>
> That after his release Plaintiff was diagnosed with conditions different than or in addition to the diagnoses he received from doctors while he was in prison does not salvage his untimely medical indifference claims because a difference of opinion over the appropriate treatment or diagnosis is insufficient to state a claim of deliberate indifference under the Eighth Amendment. *See, e.g.*, *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 357 (6th Cir. 2006); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Moreover, the Magistrate Judge found that Plaintiff's arguments that the statute of limitations had been tolled, or did not apply due to the doctrine of continuing violations, were without merit. As the Magistrate Judge explained:

> [T]he continuing violations doctrine likewise fails to save Plaintiff's otherwise untimely claims. . . . Plaintiff's allegation that he did not obtain adequate medical care until he left prison is insufficient to invoke the continuing violation doctrine's narrow exception to the general rule that a statute of limitations begins

to run at the time the alleged misconduct occurred. (*See* The 2395 Case, Sept. 17, 2015 Report & Rec. 7-9, ECF No. 26 (citing *Sharpe*, 319 F.3d at 266-67).)

> Finally, none of the Ohio statutes Plaintiff cites in support of his assertion that his claims are not time barred apply to this case. *See* Ohio Rev. Code § 2305.09(B) (relating to the recovery of personal property); Ohio Rev. Code § 2305.10(B) (relating to exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices); Ohio Rev. Code § 2305.11(B) (relating to a civil action for unlawful abortion); Ohio Rev. Code § 2305.113(B) (extending the one-year limitations period set forth in prior subsection by 180 days when certain notice requirements are satisfied); and Ohio Rev. Code § 2305.14(B) (providing a 10-year statute of limitations for actions not provided for in §§ 2305.04 through 2305.131 and § 1304.35).

(*Id.* at 8-9.)

On June 19, 2018, Plaintiff objected to the Magistrate Judge's Report and Recommendation. (Objs., ECF No. 6.) The Court overruled Plaintiff's objections and adopted the Report and Recommendation, explaining that "[t]he [C]ourt agrees with the analysis of the magistrate judge." (June 15 Order at 4, ECF No. 7.) In addition, the Court declined to consider new exhibits submitted with Plaintiff's objections, explaining as follows:

> With his objection, plaintiff submitted new exhibits consisting of medical records relating to his treatment following his release from incarceration and the grievances he filed in March and April of 2016. Plaintiff may not offer, for the first time in an objection, evidence which was never presented to or considered by the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

> Even if the court were to consider these documents, the grievances and the institution's responses to those grievances show that the medical staff at CCI were not indifferent to plaintiff's complaints; rather, plaintiff disagreed with the nature of the treatment he received. The grievances also establish that plaintiff had knowledge of his claims prior to the start of the limitations period. Likewise, the recent medical records document plaintiff's post-release treatment for his pre-2014 orbital and wrist fractures and right heel spurs, and his 2011 treatment for chest pains. These records show, at most, a difference of opinion over the appropriate treatment or diagnosis of plaintiff's conditions, and are insufficient to support a claim under the Eighth Amendment.

(*Id.* at 5-6.)

4

Accordingly, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) and Appellate Rule 24(a)(3)(A), that Plaintiff's appeal of this action is not taken in good faith.

The Clerk is **DIRECTED** to transmit a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

S/ James L. Graham
JAMES L. GRAHAM
United States District Judge

Date: July 30, 2018